UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MING HOU,<br>  Plaintiff, | :<br>:<br>: |
| v. | :    CASE NO. 3:16-cv-01592 (VAB) |
| | : |
| PAT KWOK LAM and HONG KONG<br>CHINESE RESTAURANT LLC,<br>  Defendants. | :<br>:<br>: |

## RULING ON MOTION TO DISMISS

Ming Hou ("Plaintiff") brought this case against Pat Kwok Lam and Hong Kong Chinese Restaurant LLC (together "Defendants"), alleging that Defendants filed a retaliatory lawsuit against him in violation of the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA"). Defendants have moved to dismiss all of Mr. Hou's claims under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def. Mot. to Dismiss, ECF No. 18.

For the reasons outlined below, Defendants' [10] Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion to dismiss Mr. Hou's claim under the CMWA is granted, but the motion is denied with respect to his FLSA claim.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Ming Hou is a former delivery man at Hong Kong Chinese Restaurant, LLC ("the restaurant"), where Pat Kwok Lam works as an owner and manager. Compl. ¶¶ 8-10, ECF No. 1. In June of 2014, Mr. Hou filed a federal lawsuit against Defendants, *Ming Hou v. Hong Kong Chinese Restaurant, LLC and Kwok Pat Lam*, No. 3:14-cv-869 (AWT) ("employment lawsuit"), alleging that Defendants violated the FLSA and various state labor laws during the course of Mr.

1

Hou's employment. A bench trial was held on October 25, 2016 to adjudicate Mr. Hou's claims; to date, the Court has not yet issued a ruling or judgment in that case.

Mr. Hou alleges that, within a couple of months of the scheduled trial in the employment lawsuit, Defendants contacted Mr. Hou's wife threatening to file a lawsuit against Mr. Hou. Compl. ¶¶ 19-21. He alleges that, in September of 2016, following this threat, Defendants served Mr. Hou with a complaint in connection with a prejudgment remedy application filed in Connecticut Superior Court, *Pat Kwok Lam and Hong Kong Chinese Restaurant LLC v. Ming Hou*, NNI-CV16-5006873-S ("state action"). According to Mr. Hou, this state action was frivolous and was filed "solely to retaliate for Plaintiff's assertion of his rights under the FLSA and Connecticut law." *Id.*

Defendants, on the other hand, contend that the state action was a legitimate application for a prejudgment remedy under Conn. Gen. Stat. § 52-278a, *et seq.* Defs. Mot. to Dismiss, ECF No. 1. Defendants also insist that they never contacted Mr. Hou's wife to threaten Mr. Hou with a lawsuit, explaining that the state action was initiated in July of 2016, not in September, by the filing of a prejudgment remedy application, which is not considered a formal lawsuit. *Id.*; *see also Pat Kwok Lam and Hong Kong Chinese Restaurant LLC v. Ming Hou*, NNI-CV16-5006873-S, Docket Entry No. 100.30. According to the docket for the state action, Defendants' prejudgment remedy application was scheduled for a hearing in Connecticut Superior Court on September 25, 2017 at 9:30 AM.

Mr. Hou initiated this action against Defendants on September 20, 2016. *See* Compl., ECF No. 1. Defendants now seek dismissal of this action, arguing that the Court lacks subject matter jurisdiction under Rule 12(b)(1), that Mr. Hou has failed to state an actionable claim under Rule 12(b)(6), and that abstention is appropriate under the *Colorado River* doctrine.

## II.     STANDARD OF REVIEW

A district court may not entertain a case where it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). Generally, the plaintiff bears the burden to prove, by a preponderance of the evidence, that the court has subject matter jurisdiction over its claims. *Id*. This burden is met "as long as [the] complaint states a colorable federal claim." *Rodriguez v. DeBuono,* 175 F.3d 227, 233 (2d Cir. 1999) (citation omitted). When reviewing a motion to dismiss under Rule 12(b)(1), "a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Serv. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). The court, however, must also refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." *APWU v. Potter,* 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted).

A district court may also dismiss a case for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level" and "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557 (2007). Plausibility at the pleading stage is

3

nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Although courts considering motions to dismiss under Rule 12(b)(6) generally "must limit [their] analysis to the four corners of the complaint," they may also consider documents that are "incorporated in the complaint by reference." *Kermanshah v. Kermanshah*, 580 F.Supp.2d 247, 258 (S.D.N.Y. 2008). The Court may also consider matters subject to judicial notice, which include publicly filed documents. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *DeSilva v. N. Shore-Long Island Jewish Health Sys. Inc.*, 770 F. Supp. 2d 497, 506-07 (E.D.N.Y. 2011).

## III. DISCUSSION

Defendants seek dismissal of Mr. Hou's claims on the following grounds: (1) this Court lacks subject matter jurisdiction under Rule 12(b)(1) and/or Rule 12(b)(6) because the state action filed by Defendants is not a "lawsuit" as alleged in the Complaint and the relief requested is not available under the statutory provisions cited; and (2) the Court should abstain from exercising federal jurisdiction over this dispute under the abstention doctrine outlined by the Supreme Court in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). For the reasons outlined below, Defendants' motion to dismiss is granted only with respect to Mr. Hou's CMWA claim; the remainder of the motion is denied.

### A. Plaintiff's CMWA Claim

Defendants seek dismissal of Mr. Hou's claims under the anti-retaliation provisions of the Connecticut Minimum Wage Act ("CMWA"). Defendants argue that Mr. Hou failed to comply with the statutory requirement that all CMWA cases be initiated by first filing a

4

complaint with the Labor Commissioner. *See* Def. Mot. to Dismiss at 7, ECF No. 10; Conn. Gen. Stat. § 31-69b. Mr. Hou does not respond to this argument in his opposition brief.

"[C]ourts in this circuit have held that '[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.'" *McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014) (quoting *Youmans v. Schriro*, No. 12 Civ. 3690 (PAE) (JCF), 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013) (collecting cases)). Thus, the Court considers Mr. Hou's CMWA claims to be abandoned, and Defendants' motion is granted as to Mr. Hou's claims under the CMWA.

### B. Plaintiff's FLSA Claim

According to Defendants, Mr. Hou's allegations also fail to state a claim for relief under the FLSA. The Court disagrees.

When resolving motions to dismiss under Rules 12(b)(1) and 12(b)(6), the Court must treat all material factual allegations as true. *See Shipping Fin. Serv. Corp.,* 140 F.3d at 131; *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Defendants, however, argue that the Complaint, when considered together with the docket information incorporated by reference into the Complaint, contains certain inaccuracies that are material to Mr. Hou's claims. Specifically, Defendants assert that the state action they initiated against Mr. Hou in 2016 is not a "lawsuit" as Mr. Hou claims, but an application for a prejudgment remedy properly filed in connection with the pending employment lawsuit initiated by Mr. Hou. *See* Def. Mot. to Dismiss at 4-6, ECF No. 10.

Under Connecticut law, a prejudgment remedy is a state proceeding to secure an anticipated judgment before it is issued. *See* Conn. Gen. Stat. § 52-278a(3). A prejudgment remedy is typically granted where probable cause exists to sustain the validity of the applicant's

claim in a related civil suit. *See* Conn. Gen. Stat. 52-278d(a). A prejudgment remedy application precedes the resolution of the related suit, and it does not become a formal civil suit of its own until after the court holds an initial hearing on the application. *Adler v. Rosenthal*, 163 Conn. App. 663, 676 (2016) ("It is not until after the prejudgment remedy proceeding is completed that the applicant serves a signed writ, summons and complaint, and returns them to court to officially commence the action.").

Defendant claims that Mr. Hou's claim of retaliatory litigation under the FLSA cannot prevail because a prejudgment remedy cannot be considered a litigation at this stage. The Connecticut Supreme Court has stated that, for this same reason, a prejudgment remedy cannot form the basis of a viable vexatious litigation suit under Connecticut law. *See Bernhard-Thomas Bldg. Sys., LLC v. Dunican*, 286 Conn. 548, 560 (2008) ("We conclude that an application for a prejudgment remedy does not commence a civil action for purposes of a subsequent claim for vexatious litigation... Accordingly, we conclude that the plaintiff cannot base its claim for vexatious litigation on the defendant's filing of an unsuccessful prejudgment remedy application.").

Mr. Hou, however, has not brought a vexatious litigation claim under Connecticut common law; instead, he claims that Defendants' prejudgment remedy application was unlawful based on the anti-retaliation provisions of federal and state employment laws. The FLSA provides that it is "unlawful for any person ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." 29 U.S.C. § 215(a)(3). "[A] plaintiff alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2)

6

an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).

The Supreme Court has found that, in order to establish the element of an adverse employment action for purposes of a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006) (internal quotations and marks omitted)); *see also Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) ("[A]nti-discrimination and anti-retaliation provisions 'are not coterminous'; anti-retaliation protection is broader and 'extends beyond workplace-related or employment-related retaliatory acts and harm.'") (quoting *Burlington N.*, 548 at 67); *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) (adverse employment action not defined "solely in terms of job termination or reduced wages and benefits ... less flagrant reprisals by employers may indeed be adverse"). "Because there are no bright-line rules, courts must pore over each case to determine whether the challenged employment action reaches the level of 'adverse.'" *Wanamaker*, 108 F.3d at 466.

In the employment discrimination context, the initiation of a vexatious lawsuit has been found to constitute "adverse employment action" for purposes of retaliation claims. *See MacDermid, Inc. v. Leonetti*, 310 Conn. 616, 636 (2013) ("[E]mployees have successfully asserted federal claims of employer retaliation under Title VII, predicated on their employers' initiation of litigation against the employees in response to the exercise of their Title VII rights.") (aggregating cases). The action does not need to rise to the level of formal litigation, however, in

7

order to constitute an adverse action for retaliation purposes. For example, the Second Circuit has found that an employer's threat of filing "false reports charges" with the Equal Employment Opportunities Commission ("EEOC") sufficiently established adverse employment action for purposes of a *prima facie* employment discrimination case in the Title VII retaliation context. *See Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 141, 149 (2d Cir. 2014) ("We also hold that threats by the Department to charge appellants with making a false report to the EEOC established a *prima facie* case of illegal retaliation... Once the plaintiff has proffered sufficient evidence that a threat of discipline triggered by a claim of discrimination was made, a *prima facie* case of retaliation will usually have been established. We therefore believe it fairly obvious that a *prima facie* case has been established in the present matter.").

The factual allegations outlined in Mr. Hou's Complaint, taken as true, state a *prima facie* retaliation claim sufficient to survive a motion to dismiss. *See Hicks,* 593 F.3d at 164 (describing the plaintiff's burden at the *prima facie* stage of a retaliation case as "*de minimis*"). As to the first element, Mr. Hou's participation in protected activity is undisputed, since he initiated an FLSA lawsuit against Defendants. Compl. at ¶¶ 17-18; *Ming Hou v. Hong Kong Chinese Restaurant, LLC and Kwok Pat Lam*, No. 3:14-cv-869 (AWT); *see also Johnson v. J. Walter Thompson U.S.A.*, LLC, 224 F. Supp. 3d 296, 313 (S.D.N.Y. 2016) (recognizing that plaintiff "engaged in protected activity by having her lawyer send Defendants a letter alleging discrimination and filing this lawsuit."). As to the second element, Mr. Hou has alleged an adverse employment action, as the threat and initiation of a potential legal proceeding could dissuade a reasonable employee or former employee from taking action against perceived employment discrimination. *See Cox*, 760 F.3d at 141. Finally, as to the third and final element of a *prima facie* case, he has sufficiently alleged that Defendants' actions were caused by his

participation in protected activity, based on his claims that the application was filed in state court on the eve of trial in a federal lawsuit against Defendants and that Defendants called Mr. Hou's wife to make threats about this legal process around the time they initiated the state action. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 127 (2d Cir. 2013) (noting that a plaintiff's "presentation of a temporal connection" may be "enough, in and of itself… to permit a reasonable jury to find causation."); *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 198 (S.D.N.Y. 2013) ("In the absence of direct evidence, the causal connection 'can be established indirectly by showing that the protected activity was closely followed in time by the adverse action.'") (quoting *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988)).[1]

Accordingly, Mr. Hou has stated an actionable claim at this stage, and Defendants motion to dismiss is denied on 12(b)(1) and 12(b)(6) grounds.

### C. Abstention Doctrine

As an alternative to dismissal for failure to state a claim, Defendants assert that this Court should abstain from adjudicating this case based on the *Colorado River* abstention doctrine. The Court disagrees.

In *Colorado River*, the Supreme Court held that it may be appropriate in some cases for federal courts to abstain from decided cases based on "principles... which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or

---

[1] An employer's liability for filing a retaliatory lawsuit may be limited where that lawsuit has a valid legal basis, regardless of the employer's retaliatory motive. *See Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 748 (1983) ("To summarize, we hold that the [National Labor Relations] Board may not halt the prosecution of a state-court lawsuit, regardless of the plaintiff's motive, unless the suit lacks a reasonable basis in fact or law... In short, then, although it is an unfair labor practice to prosecute an unmeritorious lawsuit for a retaliatory purpose, the offense is not enjoinable unless the suit lacks a reasonable basis."). Here, however, it is undisputed that Mr. Hou seeks a judgment against Defendants, not the other way around. Defendants initiated the state action in Connecticut Superior Court instead of applying for a prejudgment remedy in federal court. They claim that they initiated the state action because they intend to bring an abuse of process claim against Mr. Hou; an abuse of process claim, however, has yet be filed.

by state and federal courts." *Colorado River*, 424 U.S. at 817. "[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 117–18 (2d Cir. 1998) (internal quotations and marks omitted). However, "[t]he mere fact of concurrent state and federal proceedings 'does not, without more, warrant staying exercise of federal jurisdiction.'" *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 602 (2d Cir. 1988) (quoting *Colorado River*, 424 U.S. at 816). In order for concurrent proceedings to be considered "parallel," "[p]erfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 20 (E.D.N.Y. 2014); *see also All. of Am. Insurers*, 854 F.2d at 602 (noting that "only the clearest of justifications will warrant dismissal" under the *Colorado River* doctrine) (internal marks and quotations omitted).

Here, the two legal actions at issue are not "parallel" for purposes of the abstention doctrine. The Second Circuit has held that, "[i]n determining whether there are 'extraordinary circumstances' warranting abstention, an important factor to be considered is whether the state court has broad and comprehensive concurrent jurisdiction to adjudicate the claims asserted in the federal action. If not, abstention might only serve to encourage piecemeal adjudication of the issues raised in the federal suit." *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 62 (2d Cir. 1986) ("Absent broad state court jurisdiction that would enable the state court to dispose of the entire matter, including the issues before the federal court, abstention could hardly be justified on grounds of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'") (quoting *Colorado River*, 424 U.S. at 817); *see also Mazuma*, 1 F. Supp. 3d at 20. The state action initiated by Defendants

against Mr. Hou will not dispose of the claims asserted in either of the two FLSA actions now pending before this Court between the parties. Rather, the jurisdiction of the state court in this matter is quite limited, as the outcome in the state action ultimately depends on the resolution of Mr. Hou's original employment lawsuit in federal court and Mr. Hou's most recent FLSA retaliation claim is exclusively federal in nature.

Defendants therefore have not established that the concurrent federal and state proceedings in this case are "parallel" for purposes of abstention. *See All. of Am. Insurers*, 854 F.2d at 603. ("Under the *Colorado River* doctrine, the nature of the inquiry is not whether there are reasons to exercise federal jurisdiction, but rather whether exceptional circumstances exist which justify dismissal in deference to a pending state court proceeding."); *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849 (NGG) (RER), 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006) ("Any doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction."). "If a court finds that the federal and state cases are not parallel, *Colorado River* abstention does not apply...." *Mazuma*, 1 F. Supp. 3d at 20 (internal quotations and marks omitted). Accordingly, dismissal is not appropriate on this basis, and Defendants' motion to dismiss is denied on abstention grounds.

## IV. CONCLUSION

Defendant's [10] Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion to dismiss Mr. Hou's claim under the CMWA is granted, but the motion is denied with respect to his FLSA claim.

SO ORDERED at Bridgeport, Connecticut this 27th day of September, 2017.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT COURT